and we will hear argument next in Hutchinson versus Marshall counsel you may proceed thank you may it please the court Brian Pomerance on behalf of Helen Edwin Hutchison this case is most easily understood when parsed into three time periods in the first time period mr. Hutchison is entitled to equitable tolling because as the magistrate judge noted his bipolar disorder caused him to be prescribed a bevy of drugs that caused sedation these medications worked synergistically decreasing his mental functioning and rendering him incompetent throughout the period the magistrate judge effectively conceded that mr. Hutchison may be entitled to equitable tolling for the period one and skip directly to period two to deny equitable tolling well we're on a clear error standard here right then the magistrate made findings the magistrate did make findings yes your honor and we review from the standpoint of clearly erroneous yes your honor all right so you have a bit of an uphill climb I do I do but I believe that the the problem in this case is as this court noted in Whalum Hunt versus early determinations of equitable tolling are supposed to be fact-based in a case like this where the underlying hearing in which the facts are supposed to be developed is not a full and fair evidentiary hearing I think we have a problem because the facts that the court relied on and were a incomplete and B I think the court misinterpreted some of the facts and that's evident from the record itself for instance the court held that in evaluating different there were two experts in the case in evaluating the expertise of petitioners Mr. Hutchinson's expert certain attributions were made to him that were incorrect for instance the court said that he said that page are you on of the decision I'm sorry I don't have a page okay that's fine I can find that for you that's okay go ahead but what the court says the court said that that Mr. Hutchinson's expert had said that charting was not done and in fact charting was done in fact what Mr. Hutchinson's expert said was daily charting was not done so that was correct daily charting was not done in this case the the record here showed that Mr. Hutchinson's behavior was inconsistent in period two Mr. Hutchinson skipped several evaluations in period two including three out of four mandatory quarterly evaluations that were central to the idea of whether he could be released from mental health services despite the fact that he skipped three out of those four he was taken off of mental health services the court's reliance on the reports and progress notes during period two that described him as euthymic is misplaced it's misplaced because according to respondents expert to appellees expert the Dr. Power who was at one point the chief psychiatrist at Mr. Hutchinson's facility quote most diagnoses into corrections are incorrect this is a powerful statement to be made by Dr. Power and it really has to call into question the determinations made by the magistrate court in how much you can rely on the records from period two moving to period three if that answers your honor's question as to period two and why we think that is at issue here moving to period three Mr. Hutchinson should be entitled to statutory tolling in that period because periods one and two would work as a bridge to period three the state petition filed on February 27th 2004 should be considered timely after equitable tolling is applied in periods one and two the state petition the timeliness of the state petition is a federal question it was properly filed because Mr. Hutchinson was incompetent to file prior to at least June 9th 2003 which is when the Department of Corrections stopped evaluating his mental health status the filing of his petition the following February was only 263 days after that period of time the the problem in this case is I'm not sure what we do in a situation where the court has not fully allowed us to develop the for experts which we were not allowed to bring into the hearing cross-examination of the state's expert was cut off at the hearing Mr. Hutchinson essentially didn't have his full day in court and in that situation it creates a real problem when you have equitable tolling which is supposed to be a fact-based determination if there's no questions I'll save the rest of my time for rebuttal you may do so counsel we'll hear from the other side morning your honors Deputy Attorney General Richard S Moskowitz for the warden may it please the court the primary issue is I think the court is recognized here does not involve any legal question of any moment it's simply whether the district court's credibility determinations and factual findings were clearly around us we have the secondary issue of whether they were based upon an adequate opportunity to develop the record yes and he addressed that first because obviously if there was a complete opportunity then the factual findings would have great force but if there wasn't why shouldn't this be sent back for further your honor the short answer to that is that issue isn't properly before this court it's outside the scope of the certificate of appeal ability which was issued by the district court there's been to my knowledge no request in this court to expand the certificate to cover that issue and it's a little late to be doing that now we've not we've not had the the requirement for a certificate of appeal ability means anything at all it means that the court has to make a threshold determination as to that answering brief address the uncertified issue you did brief it I think no we said there was we said there was no jurisdiction and left it at that well it's not a matter of jurisdiction exactly but okay I'll go back and look I can do it briefly I mean if the court truly believes that that's that that issue is in play I would request an opportunity to brief it but because we have not in fact addressed it on the merits but I I mean I could say at the outset simply that what he's referring to is as far as supposedly being denied the opportunity to present evidence I simply amounted to the magistrate judge ruling on normal objections that are that are made routinely in the course of every trial and making a determination that the questions asked were not proper and and making a further discretionary decision that he'd had it he'd had an adequate period of time to develop his cross-examination and counsel had about 45 minutes to an hour is am I reading correctly I I don't recall exactly I I think what I can tell you is that his direct examination of his expert was substantially longer than mine so naturally you would expect that my cross-examination of his expert would be longer than than his cross-examination of my expert but in fact exactly the opposite was the case he was I I think that we were starting to get into a lot of areas where essentially the the psychiatric records the underlying psychiatric records spoke for themselves there were also some I guess some objections with respect to whether the records said this or that but but the point was that the records were what they were and the question was whether the the opinions voiced by the experts were in fact supported by the objective evidence so in that sense I I think the court was within its discretion in terms of saying we we need to move this forward but again I don't believe that issue is even properly here in the first instance shall I do you want to go back and talk about the three time periods or sure I'm not sure exactly what he's defining is the three time periods but I would agree that there are three between March 2000 and March 2002 when the petitioner was receiving medication for bipolar disorder the psychiatric records consistently described his mental functioning as WNL medical shorthand for within normal limits and despite Dr. Lavid's I believe that's pronunciation insistence that the drug regimen used to treat petitioner was so sedating that he would have been too drowsy to compose a federal habeas petition there was absolutely no evidence that the medications had that effect in this case to the contrary the symptom most consistently reported by petitioner to all of the various clinicians who treated him during that time period was that he couldn't sleep that he was too wide awake not that he was too drowsy in March 2002 when the medications were stopped at petitioner's own insistence through June 2003 the psychiatrists continue to observe him and continue to describe his mental state as euthymic which is psychiatric speak for bipolar disorder or bipolar patients who are not currently experiencing either manic or in other words they're right in between they're going through an essentially normal period and they also concluded that his mental functioning remained within normal limits during that time period so given that we've now gone through three years after the petitioner's conviction became final we really don't even need to as the magistrate judge recognized we don't even need to get to the third period but even as to the third period what the records what we have essentially is an absence of evidence from June 2003 when he stopped being he stopped going in for a psychiatric appointments until July 2005 when he filed his federal habeas petition we have essentially nothing we he was examined once in July 2004 when he was transferred to a new prison he denied needing any psychiatric treatment at all and there was no indication in the nurses notes the notes of the nurse who examined him that there was anything wrong with that that there was anything psychiatrically wrong with him also despite his incompetency to file a federal habeas petition Mr. Hutchison managed to file a state habeas petition in February 2004 now my my esteemed opposing counsel complains about the fact that although charting was done it wasn't done on a daily basis but the question is what result from that fact the petitioner has the burden of proof to establish equitable tone if daily charting hasn't been done I don't think that was his point I think he was talking about the magistrate judge not giving an accurate accounting and I think I think what what what is your response to the assertion that the that the court here made an unreasonable finding by misinterpreting the medical record my point would be that that the the issue of whether the charting was done on a daily basis is irrelevant there is there is no requirement anywhere listed by dr. Leavitt or anywhere else I think we're not communicating I'm sorry I understood his point to be that the magistrate judge found that no charting was done and therefore the expert had nothing to rely on for his opinion back there was some charting but it wasn't daily charting and so did the magistrate judge correctly understand the record I believe you did your honor I think what the what the expert testified to was that no daily charting was done but there was there was an implication in that that charting doesn't mean anything unless it's done on a daily basis and what the magistrate judge was in effect reject that because it doesn't square with common sense and and took note of the fact that that charting was done when the petitioner came in for his appointments which is exactly what you would expect you you don't expect in any setting that a person is going to be followed 24-7 365 days a year that that isn't practical so I hopefully that's answered the question but the thank you counsel your time has expired thank you you have some reserved time counsel yes thank you your honor first to judge Graber you're absolutely correct the complaint is not that he was not daily charted the the problem here is that the judge seems to misinterpreted dr. Leavitt's testimony at the hearing and to use it as a point against dr. Leavitt in his credibility and that was the point that I was trying to make before the cross-examination and I'll address the co-issue before I sit down but the cross-examination was more than just direct testimony and one of the that the rules seem to keep changing on mr. Hutchison so that when mr. Hutchison tried to strike parts of a Pele's experts declaration that had been submitted before the hearing he was told he couldn't do that because that's what cross-examination was for when cross-examination was cut short and mr. Hutchison said that he had more questions he was told that dr. power had not been on the stand very long and therefore it was appropriate to cut it short the actual cross-examination at the moment that that mr. Hutchison was stymied was about the declaration that had been put forth by dr. power so that went somewhat uncross-examined as I only got about partway through my cross-examination on that declaration so the how long dr. Leavitt was on the stand is really irrelevant to that issue it was going to a combination of dr. power's time on the stand as both his direct his direct testimony and his his declaration that had been submitted earlier the how much time did this sequence take my cross-examination was less than an hour you are say 45 minutes to an hour yes at 45 minutes we were stopped I said I had a number of questions left and I was given a few more minutes in that time period effectively as the record shows the time went for not because the magistrate judge started sustaining a series of objections to inquiry into the declaration and I didn't really get to ask very many questions during the period the the certificate of appeal ability is not something that we were really asked for on the full and fair evidentiary hearing because it seems implicit that a full and fair evidentiary hearing is what you should have when something is having an evidentiary hearing I think that it would be implicit in any examination of a hearing by this court that full and fair is a basic standard for that the state did brief it in its briefing it's where it was first raised that perhaps our co-op was not legitimate on that point and certainly this court if it believes that's correct has the authority under federal rule of appellate procedure 22 to consider it as an uncertified issue additionally I'm not sure under the holding in Harbison that this even needs a co-op that that this goes to the ultimate issue of his state holding and the three time periods just to be clear are defined in the briefing the first time period responding to appellate is not really what's at issue and he the magistrate judge skipped over the first time period for a reason he skipped over the first time period because it wasn't clear to him that mr. Hutchison wasn't sedated during the period that's in his report and recommendation at the excerpts of record from 16 to 19 the second time period as I said in my initial argument here the euthymic findings are inconsistent with his behavior they're also not really reputable when you consider the testimony of dr. power which is found in the excerpts of record at 214 and 215 in that's in that sequence he explains that they're overworked that they see more patients than they can handle and that frequently they do not try to diagnose people they just sort of go along with what was on the charts before them so to point to charts and say well it says within normal limits here I'm not sure that that really means anything in that circumstance dr. power conceded that the skipped examinations that mr. Hutchison was doing during period two could be bipolar decompensation that's found in the record at 528 and the third time periods not about the lack of records the third time period really is a statutory tolling time period that would follow after Roy v. Lampert if the first to entitle him to equitable tolling then he would be entitled to statutory tolling that period thank you counsel thank you your the case just argued will be submitted for decision
judges: Noonan, O'scannlain, Graber